UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LUNDY,

    Plaintiff,

                                                                                            Case No. 12-cv-10965
                                                                                            HON. GERSHWIN A. DRAIN

v.

CITY OF PONTIAC, *et al.*,

    Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION *IN LIMINE* [#49]

**I. INTRODUCTION**

    Presently before the court is Defendants' Emergency Motion *in Limine* to Preclude Witness Sincere Wennings' Testimony, by Affidavit, or Otherwise, or in the Alternative, an Extension of Discovery to Allow the Taking of Her Deposition. For the reasons that follow Defendants' Motion is GRANTED in part.

**II. BACKGROUND**

    Plaintiff, Charles Lundy, filed this action on March 3, 2012. Plaintiff's claims stem from an altercation with Pontiac police officers after Plaintiff ran up his driveway after he saw police. Plaintiff maintains he was unarmed and that the defendant officers shot at him multiple times without provocation or legal justification. Plaintiff further alleges that Defendants falsely charged him with multiple felonies and fabricated evidence against him to support their case in violation of his constitutional rights. Plaintiff brings multiple counts

against Defendants pursuant to 42 U.S.C. § 1983.

On January 9, 2013, Plaintiff's deposition was taken and Defendants thereafter sought to obtain witness information that was not provided during the deposition. On January 21, 2013, Defendants served Plaintiff with an interrogatory requesting the names, addresses and other contact information regarding any material witnesses Plaintiff intended to call in support of his claims, including the whereabouts of Ms. Wenning, a purported eyewitness to the events giving rise to this action.

Discovery concluded on May 29, 2013. On May 31, 2013 Plaintiff served his "Response to Defendants' Interrogatory Regarding Witnesses," which Defendants argue contains none of the information requested. On June 20, 2013 Plaintiff provided Defendants with Ms. Wenning's current address and phone number, along with a sworn affidavit from Ms. Wenning that was allegedly executed on June 19, 2013. The affidavit states that Ms. Wenning was an eyewitness to Plaintiff running up the driveway, placing his hands in the air, saying "don't shoot," and observing an officer shoot at Plaintiff, who was unarmed.

### III. LAW & ANALYSIS

To the extent Defendants seek to preclude Plaintiff's use of the Wennings' affidavit in support of his opposition to Defendants' motion for Summary Judgment, this aspect of their motion is MOOT. The Court has recently issued its opinion and order resolving Defendants' motion for Summary Judgment. In reaching its conclusion, the Court did not consider the Wennings' affidavit. However, if Plaintiff intend to call Ms. Wenning as a witness at trial, the Court will allow her deposition as it appears Plaintiff may have had information regarding her whereabouts that could have been provided during the discovery period.

**IV. CONCLUSION**

Defendants' Emergency Motion *in Limine* to Preclude Witness Sincere Wennings' Testimony [#49] is GRANTED IN PART. Defendants may take Ms. Wenning's deposition if Plaintiff intends to call her as a witness at trial. Plaintiff shall advise Defendants if he intenteds to call Ms. Wenning as a witness no later than October 4, 2013. Defendants may not depose Ms. Wenning Later than November 4, 2013.

SO ORDERED

Dated: October 2, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 2, 2013, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk